JULIE R. PATTEN
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:      (406) 657-6101
FAX:         (406) 657-6989
E-mail:     Julia.Patten@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DION ANDRE DAVIS II,<br><br>Defendant. | CR 25-62-BLG-SPW<br><br><br><br>AMENDED MOTION FOR EXTRACTION ORDER |
|---|---|

The United States of America, represented by Julie R. Patten, Assistant United States Attorney for the District of Montana, respectfully moves this Court to issue an extraction order to authorize the United States Marshals Service and the Warden of California State Prison – Los Angeles to deliver the inmate using whatever reasonable force is necessary to comply with the Order of Habeas Corpus

1

ad Prosequendum ordered by the Court on August 1, 2025. (Doc. 69).

The undersigned has been informed that upon attempt to execute that order, the inmate refused to comply with the Order of Writ of Habeas Corpus ad Prosequendum, commanding the custodian to produce the inmate before United States Magistrate Judge Timothy J. Cavan on October 7, 2025. *See* Exhibit 1. The California Department of Corrections and Rehabilitation and the USMS respectfully requested an "extraction order" authorizing the use of force in order to gain the inmate's compliance.

## FACTUAL BACKGROUND

1. On May 23, 2025, a federal grand jury returned an indictment against Dion Davis II, charging him in three counts – conspiracy to possess with the intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846 (count 1), possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (count 2), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (count 4). (Doc. 2).

2. Davis has been incarcerated within the California State Prison system since 2016, and at all relevant times related to the offenses alleged in the indictment. He is eligible for parole in April 2047. Davis is presently confined at the California State Prison - Los Angeles County facility.

3. On August 1, 2025, Magistrate Judge Cavan issued a Writ of Habeas Corpus directing the Warden of the California State Prison, and the United States Marshals, to produce Dion Andre Davis II for his arraignment on October 7, 2025. (Doc. 69).

4. On August 8, 2025, United States Marshals in Los Angeles attempted to take custody of Davis, but he refused to go into federal custody. S*ee* Exhibit 1. Davis indicated he will only appear via Zoom. *Id.*

## LEGAL ANALYSIS

Most cases involving force applied by prison officials to inmates arise in the context of a prison official accused of using excessive force in violation of the Eighth Amendment. In that context, the inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was wanton and unnecessary, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id*. at 7. Moreover, "'[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that

3

in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). That deference extends to prophylactic or preventative measures intended to reduce breaches of prison discipline. *Id*. Moreover, an inmate refusing to comply with orders presents a threat to the safety of other inmates and prison security. *Grigsby v. Munguia*, No. 14-CV-0789 GEB AC P, 2016 WL 900197 at *18 (E.D. Cal. Mar. 9, 2016) (explaining that " '[i]nmates are and must be required to obey orders," that "[w]hen an inmate refuses to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials,' " and that " '[s]uch refusal and denial of authority places the staff and other inmates in danger' ") (quoting *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009)), adopted by 2016 WL 1267910 (E.D. Cal. Mar. 31, 2016), reconsideration granted in part on other grounds by 2016 WL 1461614 (E.D. Cal. Apr. 14, 2016). In this case, if the defendant refuses to comply with the United States Marshals' orders to leave his pod in order to come into federal custody for transport to Montana, his refusal to comply with those orders may pose a threat to prison discipline and security. *See Michenfelder v. Sumner*, 860 F.2d 328, 331-36 (9th Cir. 1988) (finding that inmate's refusal to follow orders intended to assure prison security justified use of

a taser gun). Based on existing precedent, it appears jail officials may apply force in a good faith effort to maintain discipline so long as the force is reasonable and necessary. *See Hudson*, 503 U.S. at 5; *Whitley*, 475 U.S. at 321.

## CONCLUSION

Based on the foregoing, the government respectfully requests the Court issue an order of extraction permitting the United States Marshals Service to extract Davis from his cell and into federal custody.

DATED this 20th day of August, 2025.

>  KURT G. ALME
>  United States Attorney
>
>
>  */s/ Julie R. Patten*
>  JULIE R. PATTEN
>  Assistant U.S. Attorney